# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7406 | **DATE** | October 5, 2004 |
| **CASE TITLE** | *Thompson v. Carpenters Union Local, et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The court denies Mr. Thompson's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) [R.136-1]. The court also denies the Defendants' Motion for Rule 11 Sanctions [R.139-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 06 2004 | |
| | Notified counsel by telephone. | | 141 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RTS/s | courtroom deputy's initials | 2004 OCT -6 AM 8:07 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEO THOMPSON, | ) |
|     Plaintiff, | ) ) ) |
|     v. | ) Judge Blanche M. Manning ) ) Case No. 97 C 7406 |
| CARPENTERS UNION LOCAL #10 CHICAGO and NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, | ) ) ) ) ) |
|     Defendants. | ) ) ) |

DOCKETED
OCT 0 6 2004

## MEMORANDUM AND ORDER

On July 28, 2004, this court denied plaintiff Leo Thompson's Motion to Reinstate and File an Amended Complaint because he failed to bring a new action in compliance with Federal Rule of Civil Procedure 41(a)(2) and Title VII after voluntarily dismissing his complaint on May 22, 2003. Before this court is Mr. Thompson's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and Defendants' Motion for Rule 11 Sanctions. For the following reasons, both motions are denied.

## I. BACKGROUND

When examining Mr. Thompson's Motion to Reinstate, the court relied on well-established law regarding voluntary dismissals under Federal Rule of Civil Procedure 41(a)(2). Because a voluntary dismissal of a complaint "leaves the situation as if the earlier action had never been filed," the statute of limitations is not tolled during the pendency of the dismissal. *See Hoosier Bancorp of Ind., Inc. v. Rasmussen*, 90 F.3d 180, 184 (7th Cir. 1996); *see also Brown v. Hartshorne Public School Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) (it is hornbook law that voluntary dismissal without prejudice leaves parties as though action had never been brought). Accordingly, this court

concluded that Mr. Thompson could not file a new Title VII complaint because the statute of limitations had run. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Vanderlei v. Dedicated Transp.*, No. 99 C 1212, 1999 WL 259894, at *1 (N.D. Ill. Apr. 7, 1999).

## II. MOTION FOR RECONSIDERATION

Federal Rule of Civil Procedure 59(e) serves the limited function of allowing the court to correct manifest errors of law or fact or consider newly discovered material evidence. *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (manifest error is wholesale disregard, misapplication, or failure to recognize controlling precedent). Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Mr. Thompson brings this Rule 59(e) motion contending that this court told him that he could reinstate his case within one year's time when his health was better after his voluntary dismissal on May 22, 2003. However, Mr. Thompson's interpretation of the court hearing in which his case was voluntarily dismissed is inaccurate. At no time during that hearing did the court tell Mr. Thompson he could reinstate his case within one year's time. Specifically, after the court granted Mr. Thompson's motion to dismiss, the following transpired:

| | |
|---|---|
| The Court: | Very well. Your motion is granted, Mr. Thompson. |
| Thompson: | Is that that I have leave to dismiss without prejudice? |
| The Court: | That's what you requested, and there is no objection to it. So that will be the order. |
| Attorney Potts: | Judge, I would just note that I did not receive that motion, nor do I know whether any of the other plaintiffs' attorneys received it. |
| The Court: | But you represent a plaintiff, is that correct? |
| Potts: | That's correct. |

2

| | |
|---|---|
| The Court: | Okay. Would you like to have an opportunity to review it? Do you have an extra copy of your motion? |
| Thompson: | No, Your Honor, but I did mail each – |
| The Court: | You mailed it to everyone? |
| Thompson: | Yes. |
| Attorney Schaefer: | I don't believe we received it yet, Your Honor. |
| The Court: | Pardon me? |
| Schaefer: | We have not received it yet. |
| The Court: | You have not received it? |
| Schaefer: | No, Your Honor. |
| The Court: | When did you mail it, Mr. Thompson? |
| Thompson: | Tuesday morning. I filed it Monday afternoon, and I put it in the post Tuesday morning. |
| The Court: | This past Tuesday? |
| Thompson: | Yes. |
| The Court: | Oh, well, the mail is kind of slow. You're saying that to say what, sir? |
| Potts: | I simply wanted to make the record clear to the extent that it makes any difference to the Court on whether proper notice was given of the motion. |
| The Court: | Well, as I see it, Mr. Thompson is a co-plaintiff. You represent a co-plaintiff, is that correct? |
| Potts: | That's correct. |
| The Court: | Mr. Thompson simply wants to dismiss his portion of the case, so I don't really see where – |
| Potts: | Since I have not seen it, I didn't know exactly what relief was being sought, Your Honor. |

| | |
|---|---|
| The Court: | Oh, okay. He's seeking leave to dismiss his case. |
| Potts: | Understood, Judge. |
| The Court: | If you'd like, I'll pass the case, and you can take a look at my copy. |
| Potts: | I don't think that will be necessary, Judge. Your Honor has made it clear what the relief sought was. |
| The Court: | Okay. Would you like to see it, counsel? |
| Schaefer: | No, Your Honor. |
| The Court: | Okay. |
| Thompson: | Your Honor, I am going to refile this at a later date when my health is better. |
| The Court: | Okay. It's granted. It's granted. It's dismissed without prejudice, Mr. Thompson. All right? |

(*See* Transcript of Proceedings Before the Honorable Blanche M. Manning, May 22, 2003, at 3-5).

Regardless of whether Mr. Thompson interprets this exchange as the court acquiescing to his request that he could refile his claim when his health was better, it is beyond the court's authority to allow a plaintiff to refile a complaint that is not in compliance with the federal rules, in this matter Rule 41(a)(2). *See Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996) ("The Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal"). As discussed, the statute of limitations had run on Mr. Thompson's Title VII action. The court does not have the authority to extend the statute of limitations to fit Mr. Thompson's needs.

Because Mr. Thompson has not established that this court has committed a manifest error of law or fact, *see Neal*, 349 F.3d at 368, the court, in its discretion, denies his Motion for Reconsideration. *See Matter of Prince*, 85 F.3d at 324.

4

## III. MOTION FOR RULE 11 SANCTIONS

Sanctions under Federal Rule of Civil Procedure 11 may be imposed when litigants file pleadings or motions that are frivolous, legally unreasonable, without adequate investigation of the underlying facts or law, or that are filed with improper motives. *See Brunt v. SEIU*, 284 F.3d 715, 721 (7th Cir. 2002); *Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc.*, 202 F.3d 965, 968-69 (7th Cir. 2000). Here, the defendants contend that Mr. Thompson's counsel did not adequately investigate the underlying law or facts when he filed Mr. Thompson's Motion for Reconsideration. They attach the "safe harbor" letter sent to counsel requesting that the Motion for Reconsideration be withdrawn according to the requirements of Rule 11.

The court notes that counsel filed the Motion for Reconsideration under Rule 59(e) in a timely fashion, but before the transcript of the May 22, 2003, hearing of the voluntary dismissal was made available to the parties. Thus, counsel did not have the benefit of the exact language of the court's exchange with Mr. Thompson. Without the benefit of the transcript, counsel apparently filed the timely motion based on his client's representations. As such, the court cannot say that counsel did not adequately research the facts in this matter in light of the time requirements necessary to file a Rule 59(e) motion. Under the circumstances, this court would be hard-pressed to conclude that Rule 11 sanctions are warranted in this matter.

## IV. CONCLUSION

Based on the foregoing, the court denies Mr. Thompson's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) [R.136-1]. The court also denies the Defendants' Motion for Rule 11 Sanctions [R.139-1].

**ENTER:**

*Blanche M. Manning*

**Blanche M. Manning**
**United States District Court Judge**

**DATE:** OCT 0 5 2004